IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MCKALE HILL, | ) | CASE NO. 1:23 CV 1582 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| U.S. MARSHALS, | ) | |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff McKale Hill, an inmate in the Southern Ohio Correctional Facility, brings this *Bivens*[1] action against the United States Marshals. In the Complaint, he contends United States Marshals used excessive force to effect his arrest in 2017. He asserts violation of his Eighth Amendment rights and unspecified monetary damages.

**Factual and Procedural Background**

Plaintiff alleges that the United States Marshals, serving on a joint task force, used excessive force during his arrest. He contends he was motionless in his vehicle trying to surrender as ordered by a United States Marshal. He claims the officer had drawn his gun and was ordering him to put his hands in the air. He states he was rammed with a United States Marshal vehicle on his driver's side door, causing him to believe he would be killed. He

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). While plaintiff cites 42 U.S.C. § 1983, that section is clearly inapplicable, as there is no allegation of action under color of state law.

indicates he tried to flee the scene and was shot by the officer. He claims this was cruel and unusual punishment. He seeks in excess of twenty-five thousand dollars in damages.

Plaintiff does not indicate when these events occurred. He states in conjunction with his *In Forma Pauperis* Application that he has been incarcerated since 2017. He offers that he was unavoidably prevented from filing this suit in a timely manner due to the Covid-19 pandemic which caused the frequent closing of the state courts and the prison law library. The Ohio Department of Rehabilitation and Correction ("ODRC") website indicates that Plaintiff was sentenced in multiple cases in Cuyahoga County on June 26, 2018 to an aggregate total of twenty years in prison.[2]

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A

---

[2] https://appgateway.drc.ohio.gov/OffenderSearch

pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998)

### Discussion

Plaintiff cannot proceed with a *Bivens* action against this Defendant. To the extent he seeks to bring this action against the United States Marshals as an entity, he cannot proceed. The Marshals are an agency of the United States. The United States, as a sovereign, is immune from suit unless it explicitly consents to suit for a particular cause of action and waives its immunity. *United States v. Sherwood*, 312 U.S. 584, 590-91 (1941). Sovereign immunity is jurisdictional in nature, and the terms of the United States' consent to be sued in any Court defines that Court's jurisdiction to entertain the suit. *Id.* at 586. The United States has not waived its sovereign immunity for *Bivens* claims. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Plaintiff cannot bring a *Bivens* action against the United States Marshals as an entity.

Plaintiff also fails to state a claim against any individual United States Marshal. In order to state a claim under *Bivens*, Plaintiff must identify an individual Defendant and allege facts

suggesting that particular Defendant was personally involved in the alleged deprivation of his constitutional rights. *See Ziglar v. Abbasi*, 137 S. Ct. 1843, 1860 (2017)(a Bivens claim is brought against the individual official for his or her own acts, not the acts of others); *Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1214 (10th Cir. 2003) (to be subject to *Bivens* liability, a defendant must have had "direct, personal participation" in the constitutional violation). Plaintiff has not identified any specific officer in his Complaint. He cannot hold any particular individual officer personally liable by simply addressing his claim against "U.S. Marshals."

Finally, even if Plaintiff had identified a Defendant against whom this claim could be asserted, it is time-barred. A *Bivens* action is governed by the same personal injury statute of limitations that applies to a § 1983 action. *McSurely v. Hutchison*, 823 F.2d 1002, 1005 (6th Cir. 1987). In Ohio, the two-year statute of limitations found in Ohio Rev. Code § 2305.10 governs. *Browning v. Pendleton*, 869 F.2d 989, 990 (6th Cir. 1989) (en banc). Plaintiff alleges he has been incarcerated since his arrest in 2017. He was sent to prison in 2018. This action was filed in August 2023, well more than two years after his arrest. He argues that he was prevented from filing this action by the Covid-19 pandemic. His statute of limitations for this claim, however, would have expired in 2019, prior to March 2020 when the pandemic began to cause businesses and courts to close to the public in Ohio This *Bivens* claim would be time-barred.

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 14, 2023

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.